IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARCIAL EDUARDO CHAVEZ OCHOA
and MARCELINO NUNEZ LOPEZ,

                Petitioners,

v.                                    CIVIL ACTION NO.  2:26-cv-00130

CHRISTOPHER MASON, et al.,

                Respondents.

MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioners' *Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1), the *Respondents' Motion to Exceed Page Limit* (Document 14), the *Response to Order to Show Cause and Motion to Dismiss* (Document 14-1), all exhibits, and the argument presented during the show cause hearing held on February 26, 2026. The Court **ORDERS** that the *Respondents' Motion to Exceed Page Limit* (Document 14) be **GRANTED**, that the *Response to Order to Show Cause and Motion to Dismiss* (Document 14-1) be **FILED**, and that the motion to dismiss contained therein be **DENIED**.

In accordance with the Court's ruling on the record, the Court **ORDERS** that the *Petition* be **GRANTED** and that the Petitioners be **RELEASED** from custody **immediately**.  The Court further **ORDERS** that all of the Petitioners' personal belongings, including identification, work authorization, and any other documentation, be returned to them **upon release**.  The Court **ORDERS** that the Respondents be **PROHIBITED** from re-arresting and detaining the Petitioners

pending further order of this Court, except as to any criminal arrest or detention unrelated to immigration.[1]

The Respondents concede that this case does not present factual or legal issues that would support a different outcome than the Court's prior rulings in *Zakro Roshniashvili v. Toby Allen, et al.*, Civil Action No. 2:26-cv-93, *Rasul Umarov v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-81, and *Eduardo Tinajero Rodriguez v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-122.[2]  As in *Tinajero Rodriguez*, the Respondents concede that the Petitioners fall under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225.  However, that distinction in their legal argument did not alter their procedures in arresting and detaining the Petitioners, and the Court finds that this case does not present factual or legal issues that would support a different outcome or analysis than the Court's prior rulings in *Zakro Roshniashvili v. Toby Allen, et al.*, Civil Action No. 2:26-cv-93, and *Rasul Umarov v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-81.  Judge Goodwin issued an Order on February 23, 2026, in a case that presented the same supposed distinction, wherein he found that the Government's concession that the petitioner was detained under § 1226(a) did not impact his previous reasoning regarding

---

[1] The Petitioners requested that the Court adopt this language barring re-arrest and detention, and the Respondents contended that it was overly broad and could prevent arrest or detention when legally supported.  Because the Respondents continue to arrest and detain people in this district under the same circumstances and based on the same legal justifications that all four district judges to address the matter have found to be illegal and unconstitutional, the Court finds it necessary to use broader language that is not subject to interpretation.  The Court concurs with the Petitioners that the language this Court has used in previous orders, barring detention absent a substantial change in circumstances, provides inadequate protection due to the Respondents' lack of respect for the law.  However, the Court has included a provision that the bar on re-arrest and detention does not apply to non-immigration related criminal matters.

[2] This Court's rulings in those prior cases were consistent with the opinions of the three other judges in this district to consider these issues, as well as the vast majority of judges nationally.  *See, e.g.*, *Antony Segundo Larrazabal-Gonzalez v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-49, Mem. Op. (S.D. W.Va. Jan. 28, 2026) (Goodwin, J.); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *19 (S.D.W. Va. Feb. 4, 2026) (Johnston, J.); *Alberto Jose Simanca Gonzalez v. Carl Aldridge, et al.*, Civ. Action No. 3:26-cv-55, 2026 WL 313476 (S.D. W.Va. February 5, 2026) (Chambers, J.); *Yuri Jhoana Gutierrez Aroca and Arley Cabrera Valenzuela v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-57 (S.D. W.Va. Feb. 9,2026) (Goodwin, J.).

jurisdiction, and the Court concurs with his analysis. *Fredy Nahun Sanchez Martinez v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-110 (S.D. W. Va. Feb. 23, 2026) (Goodwin, J.).

The Respondents presented no evidence that either Petitioner has a history of violence or serious criminal convictions, that they pose a risk of nonappearance or a danger to the community, or that they have ever been involved in gang activity. Both were detained after traffic stops, when officers became suspicious that they were unlawfully present in the United States based on their lack of fluency in English. Mr. Ochoa Chavez was detained after a vehicle in which he was a passenger was stopped in Barboursville, West Virginia, purportedly for speeding. Mr. Nunez Lopez was a passenger in a vehicle that was stopped in Greenbrier County, West Virginia, purportedly for obstruction of clear view/rearview. The Respondents claim that the ICE officers developed probable cause for detention based on records checks, and conversation held on the side of the highway. The Respondents did not produce warrants for the arrest of either Petitioner. Section 1226(a) provides for arrest and detention pending a removal decision "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). The Respondents presented no evidence that an individualized determination regarding whether the Petitioners should be detained or released pending immigration proceedings was ever made, and the documents do not reflect any inquiry into their history, family relationships, risk of nonappearance, or living situation.[3] Therefore, after careful consideration, the Court adopts the analysis contained in *Roshniashvili* and *Umarov*. For

---

[3] The Respondents suggest that because the Petitioners signed voluntary departure forms, they ceased other immigration procedures. The Petitioners argue that the law contemplates release pending voluntary departure, and the voluntary departure forms may be unenforceable against the Petitioners to the extent Petitioners may not have signed them voluntarily. The Court finds the voluntary departure forms to be of little relevance to the legality of the Petitioners' detention, and the status of any voluntary departure agreement is not before the Court.

the reasons stated in those prior opinions, the Court finds that it possesses jurisdiction and that the

Respondents' detention of the Petitioners without a hearing[4] is unlawful under the Immigration

and Nationality Act (INA).  In addition, the Court finds, for the reasons stated in *Roshniashvili* and

*Umarov*, that the Respondents' detention of the Petitioners violated the Due Process Clause of the

Fifth Amendment of the United States Constitution.

Having found that the Petitioners met their burden of establishing that their detention is

unlawful, the Court has ordered their release.  As in prior cases, and consistent with every other

judge in this District, the Court finds that release is the appropriate remedy both because it is the

traditional remedy in a successful habeas action for unlawful detention and because the evidence

presented in this and other cases establishes that the Government would be unlikely to hold a

timely bond hearing under procedures that comport with due process.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to

any unrepresented party.

ENTER:        February 26, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4] As indicated on the record, the Court also finds that a bond hearing before an immigration judge would not comport with due process.  The Petitioner submitted two affidavits, from Jorge E. Artieda and Lawrence O. Burman (Documents 1-1 and 1-2), outlining recent observations of bond hearings and the immigration court system that indicate immigration judges who provide neutral adjudications have been removed, and bond is systematically denied after a pro forma hearing with a predetermined outcome.  The Respondents dismiss those affidavits as relying on anecdotal observations, but do not provide contrary factual information, beyond citing to data showing that approximately 25% of bond hearings resulted in release in FY 26.  The available data does not include January or February of 2026, which is the time period addressed by the Artieda and Burman affidavits and the time period in which all of the cases in this district have arisen.